IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania Corporation,<br><br>                  Plaintiff,<br><br>vs.<br><br>OUTBACK CONSTRUCTION, INC., a Montana Corporation,<br><br>                  Defendant. | CV 20-4-M-DLC-KLD<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") brings this action against Outback Construction, Inc. ("Outback") relating to an Indemnity Agreement entered between the parties on July 14, 2016. Presently before the Court is PIIC's Motion for Default Judgment against Outback. (Doc. 24.) The motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B) and is ripe for the Court's review.

**I.     Background**

PIIC filed this action on January 10, 2020 alleging Outback, Tanner Cochrell, and D. Shameen Cochrell failed to perform their obligations under the Indemnity Agreement. Pursuant to the agreement, PIIC provided Outback with payment and performance bonds in connection with Outback's performance of

construction services. In return, Outback and the Cochrells agreed to indemnify and hold PIIC harmless against any and all losses, liability, damages, costs, fees, and expenses that PIIC incurred in connection with the bonds.

After PIIC posted bonds for Outback, claims were filed against PIIC on the bonded construction projects. PIIC alleges that Outback and the Cochrells have failed to post collateral in connection with the claims although they are required to do so under the Indemnity Agreement. PIIC asserts claims for specific performance and breach of contract against Outback and the Cochrells.

On March 23, 2020, PIIC moved for summary judgment against all defendants. (Doc. 16.) On April 24, 2020, PIIC and the Cochrells stipulated to the dismissal of PIIC's claims against the Cochrells. (Doc. 28.) The Court dismissed the Cochrell Defendants that same day. (Doc. 29.) Outback is the only remaining defendant in this matter. However, Outback has failed to respond to PIIC's earlier Motion for Summary Judgment, or otherwise appear in this case. PIIC now requests entry of default judgment against Outback for claims paid, interest accrued, and expenses incurred in connection with the bonds. (Doc. 24.)

## II.   Discussion

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. The Court may grant default judgment so long as the plaintiff establishes that the defendant has been served, the clerk entered default for the

defendant's failure to appear, and the defendant is neither a minor nor incompetent person. Fed. R. Civ. P. 55(b). The trial court has discretion to grant default judgment and may "conduct hearings or make referrals" to properly effectuate judgment. Fed. R. Civ. P. 55(b)(2); *See also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of default judgment.").

The Ninth Circuit advises trial courts to consider the following factors in determining whether default judgment should be entered: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-2 (9th Cir. 1986). Upon default, the factual allegations in the complaint, excluding those relating to the amount of damages, are taken as true. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.

The Court finds that Rule 55(b)'s procedural prerequisites to entry of default judgment are satisfied. Outback is a corporation and the Court can enter default judgment against it. (Doc. 22 at ¶ 2.) Outback was served with the summons and complaint, and the clerk has entered default for Outback's failure to appear. (*See*

Docs. 11, 13.) Outback has not appeared in this action since the clerk's entry of default.

Further, the *Eitel* factors weigh in favor of entering default judgment in PIIC's favor against Outback. First, Outback's failure to appear prejudices PIIC because PIIC "has no other means to collect compensation from Defendant[], leaving Plaintiff without a remedy absent default judgment." *Gray Ins. Co. v. Lectrfy, Inc.*, 2014 WL 12689270, *3 (C.D. Cal. Mar. 3, 2014) (finding default judgment warranted where defendants entered an indemnity agreement with plaintiff, plaintiff issued bonds for defendants' projects, and defendants defaulted on their obligations under the agreement).

The second and third factors also weigh in favor of default judgment. These two factors are considered together and require PIIC to sufficiently state a claim for relief. *PepsiCo, Inc. v. Cal. Security Cans.*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). PIIC alleges two claims for relief: breach of contract and specific performance. (Doc. 1.) In support of its breach of contract claim, PIIC alleges it and Outback entered the Indemnity Agreement, PIIC performed its obligations under the agreement, Outback did not adhere to its obligations under the agreement, PIIC has paid the claims of third parties requesting payments due on the bonds, and Outback has not posted collateral in connection with the claims. (Doc. 1.) Taking these allegations as true, the Court finds PIIC has sufficiently

stated a breach of contract claim. *See Anderson v. Bank of America, N.A.*, 2018 WL 6068425, * 2 (D. Mont. Nov. 20, 2018) (breach of contract adequately pled where contract existed between parties, plaintiff claimed defendant breached its obligations under the contract, and damages resulted from the breach).

PIIC has also sufficiently alleged a claim for specific performance of the Indemnity Agreement. "Specific performance is an equitable remedy which requires performance of a contract based on the precise terms contained in the contract." *Double AA Corp. v. Newland & Co.*, 905 P.2d 138, 141 (Mont. 1995). PIIC alleges the terms of the Indemnity Agreement require Outback to specifically perform all of its obligations under the agreement, including posting collateral sufficient to indemnify and hold PIIC harmless. (Doc. 1 at ¶¶ 17-20.) The language of the Indemnity Agreement is consistent with PIIC's allegations. (*See* Doc. 1-1 at 2-3.) Additionally, "[s]ureties are ordinarily entitled to specific performance of collateral security clauses. If a creditor is to have the security position for which he bargained, the promise to maintain the security must be specifically enforced." *Safeco Ins. Co. of Am. v. Schwab*, 739 F.2d 431, 433 (9th Cir. 1984) (internal quotations omitted). PIIC has therefore sufficiently stated a claim for specific performance.

The fourth factor considers the sum of money at stake. Courts should compare the amount at stake to the seriousness of the defendant's conduct.

*PepsiCo*, 238 F. Supp. 2d at 1176. Here, PIIC seeks $748,887.39 for payments made for claims on the bond[1], $5,857.70 for legal costs and expenses incurred in posting the bonds, $22,465.94 for prejudgment interest in 2019, and $205.14 times the number of days in 2020 until Judgment is entered for prejudgment interest in 2020. PIIC also requests post-judgment interest at the contractual rate of 10%. (Doc. 24-1.) In support of its request, PIIC proffers the declaration of its Claims Examiner documenting PIIC's claims payment history and legal costs, the payment and performance bonds, the collateral demand letter, the Indemnity Agreement, and the affidavit of its attorney calculating the prejudgment interest accrued. (Docs. 19, 19-1,19-2, 19-3, 24-1.) The provided documents establish the amount sought has been calculated based on the rates and terms provided in the Indemnity Agreement. Additionally, the legal fees and costs requested are reasonable and recoverable under the Indemnity Agreement. (*See* Doc. 1-1 at ¶¶ 1(h) & 3).

The Court also finds PIIC's Complaint provided Outback with notice that it sought prejudgment interest. *See* Fed. R. Civ. P. 54(c) and *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) (concluding that a request for prejudgment interest in connection with default judgment will only be granted if prejudgment interest was

---

[1] PIIC's payments made in connection with the bonds include $637,763.23 to MDA, $60,313 to American Steel, Inc., $35,000 to Bainville Concrete Construction, $2,500 to UELS, LLC, $9,363.20 to White's Civil Contracting LLC, $2,972.96 to Wolf Point Sand & Gravel, and $975 to Spencer Electric. (Doc. 19 at 4.)

sought in the complaint). The amount of prejudgment interest sought by PIIC is reasonable. In diversity actions, state law governs the rate of prejudgment interest. *In re Exxon Valdez*, 484 F.3d 1098, 1102 (9th Cir. 2007). Pursuant to Montana law, PIIC is entitled to an award of prejudgment interest at the rate of 10%. *See Garlick Helicopters, Inc. v. South Alabama Air Rescue*, 2007 WL 9710297, *2 (D. Mont. May 4, 2007) and Mont. Code Ann. § 31-1-106. The Court finds that because the amounts PIIC seeks are based on the Indemnity Agreement, and the amounts sought are consistent with the terms of the agreement, the amount at stake is proportional to Outback's conduct. The fourth factor therefore supports entry of default judgment.

The fifth and sixth factors also weigh in favor of default judgment. Because default was entered against Outback, the well-pled facts alleged in the Complaint have been accepted as true. Outback has not disputed the allegations and there is no indication that any material factual dispute exists. Additionally, there is no evidence that Outback's failure to appear was the result of excusable neglect. PIIC properly served the Complaint and summons on Outback, and Outback chose not to participate in the action.

The Seventh factor requires the Court to consider the policy favoring decisions on the merits. Rule 55(a) allows for a judgment not on the merits when the defendant fails to appear, rendering a merits decision impractical. *PepsiCo*, 238

F. Supp. 2d at 1177. Here, Outback's failure to appear precludes a decision on the merits. The *Eitel* factors weigh in favor of entering default judgment in PIIC's favor against Outback.

## III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Philadelphia Indemnity Insurance Company's Motion for Default Judgment (Doc. 24) against Outback be **GRANTED** as follows:

1. Judgment shall be entered in favor of Philadelphia Indemnity Insurance Company and against Outback Construction, Inc. in the following amounts:

    a. $748,887.39 for payments made for claims on the bond;

    b. $5,857.70 for legal costs and expenses incurred;

    c. $22,465.94 for prejudgment interest accrued in 2019;

    d. prejudgment interest accrued in 2020 at a rate of 10% per annum until judgment is entered; plus

    e. interest at the contractual rate of 10% until the judgment is satisfied.

**IT IS FURTHER RECOMMENDED** that Philadelphia Indemnity Insurance Company's Motion for Summary Judgment (Doc. 16) be **DENIED** as **MOOT**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the

parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 7th day of May, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge